UNITED STATES DISTRICT COURT
**SOUTHERN** DISTRICT OF NEW YORK

**NEB MORROW**,

Plaintiff,

V.

**MARC JANIS**,

Defendant.

**COMPLAINT**
Under the
Civil Rights Act, 42 U.S.C. § 1983

Jury Trial: Yes ✓ No ___

I. **Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff **Neb Morrow**
ID # **10A6112**
*Pro Se*
Sing Sing C.F.
354 Hunter Street
Ossining, New York 10562

B. List all defendants' names, positions, place of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No.1

Name **Marc Janis, MD**

Position **Urologist**

Address **105 Stevens Ave., Suite 109**
**Mount Vernon, NY 10550**

3

Defendant No.2

Name _____

Position _____

Address _____

_____

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur? **Sing Sing C.F.**

B. Where in the institution did the events giving rise to your claim(s) occur? **Outside Urologist Office**

C. What date and approximate time did the events giving rise to your claim(s) occur? **5/28/19, Approx. 9:51 a.m.**

D. Facts:

*What happened*

*Who did what?*

*Was anyone else involved?*

On 5/28/19, Plaintiff was taken to the office of Urologist Marc Janis, for a prostate biopsy for cancer due to abnormalities and high PSA. Dr. Janis, without providing any pain numbing medication extracted with the needle punch, 12 samples of Plaintiff's prostate, causing Plaintiff an extreme amount of pain and anguish. Plaintiff felt the pain associated with the turning of his prostate in order to punch a sample out of that area of the prostate. There are numbing agents that could have been applied to Plaintiff's prostate to prevent the pain altogether that was not applied. The pain was so excruciating Plaintiff's entire body was wracked with tremors that traveled up and down Plaintiff's body from his feet to the top of his head and back down. Plaintiff could not move for at least ten minutes after the procedure in which time, Plaintiff's body trembled violently as if he were going into shock. Upon leaving the office, Plaintiff laid down in the van back to the prison. Upon arriving at the prison infirmary, Plaintiff was given two percocets for the pain and allowed to stay in the infirmary over night. The pain on a scale of 1-10 was over 10. The pain lasted for three days, gradually decreasing. The fact that Dr. Janis did not administer any pain numbing agent is evidence of

4

his deliberate indifference to Plaintiff's pain.

Who else saw what happened?

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. No lasting injuries were sustained but two percocets and pain medications were prescribed to treat the pain until it subsided. The Officer that was in the room with Plaintiff while this was occurring was C.O. Brown, who drove Plaintiff to and from the office of Dr. Janis.

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

   Yes ✓   No ___

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).  Sing Sing C.F.

B.   Does the jail, prison, or other correctional facility where your claim(s0 arose have a grievance procedure?

   Yes ✓   No ___  Do Not Know ___

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

   Yes ✓   No ___  Do Not Know ___

If YES, which claim(s)? The wanton, unnecessary infliction of pain.

D.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose not cover some of your claim(s)?

   Yes ✓   No ___  Do Not Know ___

If YES, which claim(s)? That DOCCS should cancel it's contract with Dr. Janis' Office

5

E.   Did you file a grievance at the jail, prison, or other correctional facility where your claim(s) arose?

Yes ✓  No ___

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ___ No ___

F.   If you did file a grievance, about the events described in this complaint, where did you file the grievance? Sing Sing IGRC

1. Which claim(s) in this complaint did you grieve? Exhibit A, both claims.
2. What was the result, if any? Agreed with by the IGRC
3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. I appealed to the Superintendent who denied the grievance. Plaintiff then appealed to the Central Office Review Committee (CORC) who, on 10/15/20 denied the grievance.

G.   If you did not file a grievance, did you inform any official of your claim(s)?

1. If YES, whom did you inform and when did you inform them? ___
2. If NO, why not? ___

I.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. The deadline for a medical malpractice claim is 2½ years from the date of exhaustion in the State making the deadline to file this matter 4/15/23.

6

_____

_____

_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.      Relief:

State what you want the court to do for you. Plaintiff is seeking Compensatory damages as well as punitive damages for violation of Plaintiff's right to be free from cruel and unusual punishment and declaratory judgment that all prostate biopsy patients must be given pain numbing medications before any portion of the prostate is cut from it.

## VI.     Previous Lawsuits:

On these

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?
Yes _____ No __✓__

B.     If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format).

   1.    Parties to this previous lawsuit:
   Plaintiff _____
   Defendants _____
   2.    Court I(if federal court, name the district; if state, name the county) _____
   _____
   3.    Docket or Index number _____
   4.    Name of Judge assigned to your case _____
   5.    Approximate date of filing lawsuit _____
   6.    Is the case still pending?  Yes _____ No _____
   If NO, give the approximate date of disposition _____
   7.    What was the result of the case? (for example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed? _____

On other claims

D.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes __✓__ No _____

E.     If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format).

8

1. Parties to this previous lawsuit:
Plaintiff Neb Morrow
Defendants Superintendent Capra
2. Court (if federal court, name district; if state court, name county) Southern District of New York
3. Docket or Index number 18 CV 9749
4. Name of Judge assigned to your case Vincent Briceffi
5. Approximate date of filing lawsuit October 17, 2018
6. Is the case still pending? Yes ___ No ✓
If NO, give the approximate date of disposition 8/7/2019
7. What was the result of the case? (for example): Was the case dismissed? Was there judgment in your favor? Was the case appealed? Dismissed for lack of exhaustion

Signed this 14th day of April, 20 23. I declare under the penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff    Neb Morrow
Inmate Number             10A6112
Mailing address           Sing Sing C.F.
                          354 Hunter Street
                          Ossining, New York 10562

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under the penalty of perjury that on this 14th day of April, 20 23, I will deliver this complaint to prison authorities to be mailed to the Pro Se Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    Neb Morrow

9

2. Parties to previous lawsuit;

Plaintiff: Neb Morrow

Defendants: L. Vanderwerff

Northern District of New York

19-cv-555, Judge David N. Hurd

Date filed: May 9, 2019

Case is not pending

2/22/22 Dismissed

The Court did not receive Plaintiff's Objection to the Report & Recommendation and adopted it.

3. Parties to previous lawsuit:

Plaintiff: Neb Morrow

Defendants: Brian Hembrook

Western District of New York

17-CV-1109

John L. Sinatra Jr, Judge

Case is not pending. Filed on November 1, 2017

February 6, 2023

Dismissed after Court adopted Report & Recommendation

4. Parties to previous lawsuit:

Plaintiff: Neb Morrow

Defendant: Hearing Officer Bauersfeld

Northern District of New York

19-cv-1628

David N. Hurd, Judge

Filed on or about December, 2019

Case is not pending

Do not know date of decision before appealed, but summary judgment granted to defendants. Appealed to Second Circuit. Affirmed on November 22, 2022.

# EXHIBIT "A"

**NEW YORK STATE** | **Corrections and Community Supervision**

ANDREW M. CUOMO  
Governor

ANTHONY J. ANNUCCI  
Acting Commissioner

## MEMORANDUM

**TO:** Morrow, N. 10A012 L-39

**FROM:** Q. Quick, IGP Supervisor

**SUBJECT:** Grievance Complaint

**DATE:** 6-17-19

Your complaint dated: 6-15-19   code# 22   filed as grievance# 60978

titled: Prostate was Cut without Anesthesia

is currently under investigation by the Inmate Grievance Program Staff.

At the completion of our investigation you will be informed of any informal resolution suggestion or you will be scheduled for a hearing.

FORM 2131E (9/12)   STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## INMATE GRIEVANCE COMPLAINT

Grievance No. **60978-19** (of 2)

Correctional Facility: **Sing Sing**

Date: **6/15/19**

Name: **Neb Morrow III**   Dept. No.: **10A6112**   Housing Unit: **A-L-39**

Program: **7 Bypass Ptr**   AM _____ PM _____

*(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)*

Description of Problem: On 5/28/19, I was taken to Mount Vernon for a prostate biopsy. The doctor, Marc Janis, performed the procedure without administering any anesthesia. However, he stated on one set of papers that he hooked me up to an IV and administered anesthesia that way. On another set of papers, the ones received by the nurse in the infirmary, it didn't state that anesthesia was used and she could see the amount of pain I was in. The doctor on duty in the prisons infirmary issued me two percocets to deal with the pain and let me stay

Grievant Signature: **Neb Morrow III**

Grievance Clerk: _____   Date: _____

Advisor Requested  ☑ YES  ☐ NO   Who: **Keesh**

Action requested by inmate: **See attached**

**RECEIVED JUN 17 2019 SING SING I.C**

The Grievance has been formally resolved as follows:

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature: _____   Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

Grievance of 6/15/19 Cont'd

60978-19
2 of 2

in the infirmary overnight. The procedure was terribly painful. The doctor cut my prostate in 12 places. At the end of the procedure, I was in too much pain to move and my body had tremors moving through it like my body was going into shock. The tremors traveled to the top of my head repeatedly and back down and I was shivering like it was below zero. I felt like I had to urinate for hours afterward and couldn't go. I feel like I was assaulted by this doctor. He did not give me the option of choosing whether I wanted to have the pain numbed. The officer that escorted me to the doctor's office, C.O. Brown was in the room and should be able to verify what kind of pain he witnessed me endure.

Action Requested: I am requesting that whatever contract the State has with Doctor Janis be terminated because he is truly sick, to subject his patients to pain of this magnitude unnecessarily. I know of at least two more individuals that he has done this to. This should be cause to terminate the contract with Dr. Janis' office and obtain another urologist for us and state in the contract that the new doctor must explain the use of anesthesia to the patient and use it unless absolutely necessary not to, and to have this conversation in front of an officer to witness that it was offered.

Neb Morrow III

RECEIVED
JUN 17 2019
SING SING I.G.P.

FORM 2131E (REVERSE) (REV 6/06)
**Response of IGRC:**

Code: 22

SS# 60978-19
Name: N. Morrow    Din# 10A6112

Date: June 25, 2019

### Pass Thru

Grievant's complaint is not against Mount Vernon Hospital. Grievant complains about what he went through at Mount Vernon Hospital and suggests that no other inmate is subjected to similar treatment. As a result, he requests that NYSDOCCS terminate its contract with Dr. Janis and he suggests this facility employ another urologist. Grievant further stated he knows of five other inmates were not administered anesthesia. If anesthesia is required and this is not being done it is recommended that NYSDOCCS take action.

Date Returned to Inmate: **JUN 26 2019**

IGRC Members [signatures]

Chairperson [signature]

Return within 7 calendar days and check appropriate boxes.*

☐ I disagree with IGRC and wish to Appeal to the Superintendent.

☑ I agree with the IGRC response and wish to Appeal to the Superintendent.

☐ I have reviewed deadlock response. I have reviewed Pass-Thru to Superintendent. Each automatically goes to Superintendent.

☐ I apply to the IGP Supervisor for Review of dismissal

Signed: _Neb Morrow III_
Grievant

Date: June 28, 2019

_____
Grievance Clerk's Receipt

_____
Date

To be completed by Grievance Clerk.

Grievance Appealed to the Superintendent: _____ Date

Grievance forwarded to the Superintendent for action: _____ Date

*An exception to the time may be requested under Directive #4040 § 701.6(g).

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. 60978-19 | | DATE FILED 6/17/19 |
|---|---|---|---|
| | FACILITY Sing Sing | | POLICY DESIGNATION Institutional |
| INMATE GRIEVANCE PROGRAM | TITLE OF GRIEVANCE Medical | | CLASS CODE 22 |
| SUPERINTENDENT | SUPERINTENDENT'S SIGNATURE | | DATE 7/26/19 |
| GRIEVANT Morrow, N | | DIN 10A6112 | HOUSING UNIT HBA L-39 |

Grievant states medical staff in Mt. Vernon hospital failed to treat his condition properly therefore, the contract between the state and Mt. Vernon should be terminated.

Grievance Denied. Grievant advised he has no bearing over the contractual agreement between DOCCS and Mt. Vernon hospital. Grievants claims are also non-grievable in accordance with directive #4040§ 701.3(f).

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

I complained of medical malpractice committed by a private practice not Mt. Vernon Hospital and put all on "constructive notice" of pain caused by not using anesthesia and of fraud for charging the State for use of anesthesia and for mental sickness of Dr. Janis for subjecting patients to S&M type of prostate procedure

Neb Morrow     7/30/19
GRIEVANT'S SIGNATURE              DATE

GRIEVANCE CLERK'S SIGNATURE              DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

| NEW YORK STATE Corrections and Community Supervision | Grievance Number<br>SS-60978-19 | Desig./Code<br>I/22 | Date Filed<br>06/17/19 |
|---|---|---|---|
| | Associated Cases | | Hearing Date<br>10/15/20 |
| ANDREW M. CUOMO Governor    ANTHONY J. ANNUCCI Acting Commissioner | Facility<br>Sing Sing Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance<br>Prostate Cut Without Anesthesia | | |

**GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART**

Upon a full hearing of the facts and circumstances presented in the instant case, and upon recommendation of the Division of Health Services, the action requested herein is accepted in part.

CORC notes that the grievant's complaint has been reviewed by the Division of Health Services' staff who advise that a complete investigation was conducted and that the grievant is receiving appropriate treatment. CORC asserts that outside providers are not under the supervision of the Commissioner. Therefore, any action taken by outside hospital staff is not within the jurisdiction of the IGP in accordance with Directive #4040 and should be addressed to their supervising agency.

CORC recommends that the grievant address any further medical concerns to medical staff via established sick call procedures.

RAL/

-------------------------------------------------------------------------------

*[handwritten notes:]*

Rcvd 12/8/20

10/15/22 makes it 2 years

April 15, 2023 is 2½ years for medical negligence claim

This document has been electronically signed by Shelley M. Mallozzi

Neb Morrow
10A6112 A-P-28
Sing Sing C.F.
354 Hunter St,
Ossining, NY 10562



Pro Se Clerk's Office
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

USM P3
SDNY

LEGAL MAIL