UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEB MORROW,

                Plaintiff,

       -against-

MARC JANIS,

                Defendant.

23-CV-3224 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated April 20, 2023, the Court directed Plaintiff to either pay the $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – to bring this civil action or file a prisoner authorization.[1] (ECF 3.) On May 25, 2023, the Court received from Plaintiff an unsigned prisoner authorization (ECF 4) and an "Affidavit in Support of Leave to Appeal In forma Pauperis" (ECF 5). In the affidavit, Plaintiff does not seek leave to appeal *in forma pauperis* ("IFP"), but rather seeks reduction of the amount that would be deducted from his prison trust fund account, should the Court grant him leave to proceed IFP. Plaintiff asserts that he owes $100.00 for a correspondence course that he is taking, he has only $70.00 in his prison trust fund account, and that not granting him IFP status "would cause [him] a significant hardship." (*Id*. ¶ 6.) He requests that the Court directs the agency having custody of him "to only deduct 20% of the current average six month deposit amount to pay the initial fee as anything more would present a hardship." (*Id*. ¶ 7.) Plaintiff also attaches to his affidavit a copy of his complaint with amendments.

---

[1] Plaintiff is currently incarcerated in Sing Sing Correctional Facility.

For the following reasons, the Court: (1) denies Plaintiff's request to direct the agency having custody of him to deduct less than the statutory amount authorized by 28 U.S.C. § 1915(b)(1); (2) directs Plaintiff, within 30 days, to submit a signed prisoner authorization; and (3) directs the Clerk of Court to detach the copy of the complaint attached to the affidavit (*id*. at 4-10), and file it separately as an amended complaint.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who "brings a civil action or files an appeal [IFP] [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (Congress amended the IFP statute to require "prisoners to pay filing fees for the suits or appeals they launch."). Prisoners granted IFP status are permitted to proceed without prepaying the entire $350.00 filing fee at the time of filing the complaint; instead the fee is deducted from the prisoner's account in increments, as set forth in Section 1915(b)(1).[2] *See Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010) (describing PLRA's installment payment plan); *see also Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010) ("Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."), *report and recommendation adopted*, 2010 WL 5222126 (S.D.N.Y. Dec. 21, 2010).

---

[2] The Court must collect, when funds exist in a prisoner's prison trust fund account, an initial partial filing fee plus monthly payments. The initial partial filing fee is 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C § 1915(b)(1)(A). The prisoner authorization authorizes the agency having custody to calculate the amounts specified under the IFP statute, to deduct those amounts from the prisoner's account, and to disburse those amounts to this court.

The Court does not have discretion to reduce the statutory amount specified by Section 1915(b)(1), and therefore, it must deny Plaintiff's request for a reduction of the statutory amount. Should Plaintiff wish to proceed with this action, he must either pay the $402.00 in fees or submit a signed prisoner authorization, acknowledging that he must pay the full $350.00 filing fee in installments, as set forth in Section 1915(b)(1).[3] *See Leonard v. Lacy*, 88 F.3d 181 (2d Cir. 1996) (obligation to pay filing fees is imposed prior to any assessment of complaint).

The Court also directs the Clerk of Court to detach the copy of the complaint attached to the affidavit (ECF 5 at 4-10), and file it separately in this action as an amended complaint.

## CONCLUSION

The Court denies Plaintiff's request to direct the agency having custody of him to deduct less than the statutory amount authorized by 28 U.S.C. § 1915(b)(1). Plaintiff must, within 30 days, either pay the $402.00 in fees to commence this action or submit a signed prisoner authorization. No summonses shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court also directs the Clerk of Court to detach the copy of the complaint attached to the affidavit (ECF 5 at 4-10), and file it separately as an amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 6, 2023
          New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
(full name of the plaintiff/petitioner)

-against-

_____
(full name(s) of the defendant(s)/respondent(s))

_____ CV _____ ( ) ( )
(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1) because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

(2) the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1) send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2) calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

_____        _____
Date                                                                Signature

_____        _____
Name (Last, First, MI)                                      Prison Identification #

_____        _____
Address                               City                    State        Zip Code

_____

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 10/26/16