UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEB MORROW,

                Plaintiff,

-against-

MARC JANIS,

                Defendant.

23 Civ. 3224 (NSR) (AEK)

**ORDER GRANTING REQUEST FOR PRO BONO COUNSEL**

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      As discussed on the record at the November 5, 2025 conference, the Court has interpreted Plaintiff's on-the-record request regarding depositions at the October 3, 2025 status conference, and his subsequent motion for discovery, ECF No. 60, as an application for the Court to request pro bono counsel to assist him for certain limited purposes. For the following reasons, Plaintiff's application is GRANTED.

### LEGAL STANDARD

      The *in forma pauperis* ("IFP") statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public

benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed IFP. The court must then consider whether the litigant's claim "seems likely to be of substance." *Hodge*, 802 F.2d at 61; *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (cleaned up)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (cleaned up). If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61-62; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). Each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a request to proceed IFP, which the Court granted on July 17, 2023. *See* ECF No. 9. For purposes of addressing Plaintiff's application, the Court construes Plaintiff's complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the

2

threshold requirement under *Hodge*. *See Herbert v. Sanfeliz*, No. 22-cv-4299 (KMK), 2025 WL 2939265, at *2 (S.D.N.Y. Oct. 16, 2025). Plaintiff therefore satisfies the threshold requirements.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. "[T]he Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-cv-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61). On the record at the November 5, 2025 conference, Plaintiff confirmed that he has made at least one prior attempt to obtain counsel, which weighs in his favor here. *Id.* at *1. In addition, it is clear that Plaintiff's incarceration will hinder his ability to effectively conduct depositions in this matter. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61 (citation omitted); *King v. City of New York*, No. 21-cv-6945 (VSB), 2022 WL 1547854, at *1-2 (S.D.N.Y. Apr. 4, 2022) (finding that appointment of pro bono counsel is warranted because "[p]laintiff intends to conduct depositions of [d]efendants, but is currently incarcerated and facing logistical issues").

Given the stage of the proceedings, the Court will request that counsel appear for the limited purpose of conducting certain depositions and engaging in settlement discussions. *See id.* at *1-2 (requesting that pro bono counsel "appear for the limited purpose of conducting discovery, specifically conducting depositions," and authorizing pro bono counsel to "engage in settlement discussions"). Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-mc-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in litigating Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial

hardship. *See* Dkt. No. 16-mc-78, ECF No. 3. Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order. In particular, pro bono counsel will not be required to respond to a dispositive motion. In the event that Defendant files a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of discovery. Upon the filing by pro bono counsel of a notice of completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for the Court to request counsel is GRANTED. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Accordingly, some time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to the *pro se* Plaintiff.

Dated: November 7, 2025
White Plains, New York            **SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge