UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEB MORROW, | |
| Plaintiff, | |
| -against- | 23 Civ. 3224 (NSR) (AEK) |
| MARC JANIS, | **DECISION AND ORDER** |
| Defendant. | |

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

Currently before the Court is Defendant Marc Janis's motion to stay discovery.  ECF No. 79.  Both primary counsel and "conflicts counsel" for Plaintiff Neb Morrow filed responses opposing the motion.  ECF Nos. 81, 82.  For the following reasons, Defendant's motion is DENIED.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides that a court, upon an application from "[a] party or any person from whom discovery is sought," "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  "Upon a showing of good cause, a district court has considerable discretion to stay discovery pursuant to Rule 26(c)."  *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (cleaned up).  But discovery should not be routinely stayed simply because a motion has been filed pursuant to Rule 12 of the Federal Rules of Civil Procedure.  *See id; see also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  "A court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each

case." *Republic of Turkey*, 316 F. Supp. 3d at 677 (cleaned up). "The burden of showing good cause for the issuance of a protective order falls on the party seeking the order." *Id.*

To evaluate whether a moving party has established "good cause" for a protective order in this context, courts consider multiple factors, "including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Shulman v. Becker & Poliakoff, LLP*, No. 17-cv-9330 (VM) (JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Republic of Turkey*, 316 F. Supp. 3d. at 677.

## DISCUSSION

All of the factors in the "good cause" analysis weigh against a stay of discovery in this matter.

First, the discovery sought by Plaintiff here is not extensive or burdensome. Plaintiff intends to take the depositions of Defendant and one non-party witness, and to obtain a set of documents that apparently have been collected already by Defendant's counsel and are ready to be produced. *See* ECF No. 81 at 4. Defendant does not even suggest in his perfunctory letter motion seeking a stay that this limited universe of discovery is too broad, or that providing this discovery would impose "undue burden or expense" on him or on any non-party.

Second, Defendant offers no argument for why allowing discovery to proceed would result in any prejudice to him or any non-party. The Court will not speculate as to any potential prejudice that Defendant might incur if the motion to stay discovery were to be denied. At bottom, it is Defendant's burden to show good cause for the issuance of a protective order, and

Defendant's counsel's letter motion does not even refer to any potential prejudice that would result from allowing discovery to proceed.

Third, even though the only basis for Defendant's motion to stay discovery is the fact that Defendant intends to file a motion for judgment on the pleadings, Defendant offers no compelling explanation for why a stay should be granted on this basis.  Defendant submitted a pre-motion letter to Judge Román setting forth the basis for his intended motion, in which he contends that Plaintiff's claim is time barred.  *See* ECF No. 77.  While it is possible that there may be merit to Defendant's arguments, Plaintiff's opposition to the motion to stay discovery includes a detailed discussion of various grounds on which he intends to oppose the motion, *see* ECF No. 81, at least some of which also appear to have merit both substantively and procedurally.  Based on these limited letter submissions, this Court cannot conclude that Defendant has made "a strong showing that the [P]laintiff's claim is unmeritorious."  *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72; *see Republic of Turkey*, 316 F. Supp. 3d at 677 (explaining that the court was "unable to fully assess the strength of the pending motion, since it only recently was filed, and opposition papers are not yet due").

Accordingly, Defendant has not met his burden to show good cause for the issuance of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, and Defendant's motion to stay discovery is therefore DENIED.

* * * * * * * * * *

Counsel for Defendant is hereby ordered to produce the additional "paper discovery" materials that are in his possession by no later than May 6, 2026.

In addition, the deadline for completion of depositions is hereby extended from May 8, 2026 to May 22, 2026.  The deposition of Defendant must take place by no later than May 15,

2026.  The parties are hereby directed to submit a joint status letter to the Court by no later than May 8, 2026 to confirm the dates for the depositions of Defendant and Corrections Officer Brown.

## CONCLUSION

For the foregoing reasons, Defendant's motion to stay discovery (ECF No. 79) is DENIED.

Dated:  May 5, 2026
         White Plains, New York                    **SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

4